## Commonwealth, Appellant, v. Stone.

*Banks and banking—Criminal law—Embezzlement—Special and general deposits—Act of June 12, 1878, P. L. 196.*

1. Partners constituting a firm of private bankers cannot be convicted of fraudulently taking, converting and applying to their own use moneys which they have received from a depositor as a general deposit. The Act of June 12, 1878, P. L. 196, does not apply to such a case.

2. Decided by a divided court.

Argued Oct. 2, 1911. Appeal, No. 20, April T., 1912, by plaintiff, from order of Q. S. Beaver Co., quashing indictment in case of Commonwealth v. Dan H. Stone and Charles H. Stone. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed by divided court.

Indictment for embezzlement. Before HOLT, P. J.

The indictment in this case was brought under the first section of the Act of June 12, 1878, P. L. 196, which is as follows:

"If any person, being an officer, director, superintendent, manager, receiver, employee, agent, attorney, broker, or member of any bank or other body corporate, or public company, municipal or quasi-municipal corporation, shall fraudulently take, convert or apply to his own use, or the use of any other person, any of the money or other property of such bank, body corporate or company, municipal or quasi-municipal corporation, or belonging to any person or persons, corporation or association, and deposited therein, or in possession thereof, he shall be guilty of a misdemeanor."

The indictment charged defendants as follows:

". . . . that Dan H. Stone, late of the County aforesaid, yeoman, and Charles H. Stone, late of the County aforesaid, yeoman, on the sixth day of March in the year of our Lord One Thousand Nine Hundred Eleven, in the County aforesaid and within the jurisdiction of this court, with force and arms, being then and there co-partners and members of the Beaver Deposit Bank, at Beaver, in the County aforesaid, a private banking institution, doing a banking business in the said county, did then and there accept and receive from one Louisa K. Stone, for deposit in the said Beaver Deposit Bank, a certain sum of money, to wit, the sum of Ten Thousand One Hundred Eight and 33–100 in money of the United States, and the said sum of money being so on deposit in the said Beaver Deposit Bank to the credit of the said Louisa K. Stone, the said Dan H. Stone, being then and there a member of, and the said Charles H. Stone, being then and there a member and employee of the said Beaver Deposit Bank, did then and there fraudulently take, convert or apply to their own use and to the use of other members and partners of the said Beaver Deposit Bank whose names are to this Grand Inquest unknown, the sum of Ten Thousand Dollars, so then and there on deposit in the said Beaver Deposit Bank

to the credit of, and being then and there the money and property of the said Louisa K. Stone, and the said sum of Ten Thousand Dollars did then and there unlawfully and feloniously embezzle.''

The court below quashed the indictment, a number of reasons being given in support of the motion, all of which were overruled save the following, which was sustained and the indictment quashed:

5. The indictment should be quashed for the further reason that the said indictment, and the information upon which the same is based charge that the defendants fraudulently took and converted and applied to their own use, and the use of the other members or partners of said Beaver Deposit Bank, money, being the property of Louisa K. Stone, and deposited by her in said bank, no allegation of a special deposit, or of a special agreement relative to said deposit being made.

When the said Louisa K. Stone made said deposit as averred in said information and indictment, without special arrangement, the money so deposited became the property of the bank, and properly available for use in its business, all title to the money so deposited passed to the bank, and the said Louisa K. Stone became simply a creditor of said bank to the amount of said deposit, and hence the allegations contained in said indictment and the information aforesaid, defendants could not have embezzled any of the money of Louisa K. Stone, and if she has any cause of action against the defendants, or either of them, the civil, and not the criminal court should be resorted to for an adjustment of the matter.

The court in sustaining this reason said:

Does the indictment charge a violation of the terms of the act? The indictment avers that the defendants were co-partners and members of the Beaver Deposit Bank, of Beaver, in the county aforesaid, a private banking institution doing a banking business in the said county; that the defendants did then and there receive from one Louisa K. Stone, for deposit in said Beaver Deposit Bank a cer-

tain sum of money to wit, the sum of $10,108.33, in money
of the United States, and the said sum of money being so
on deposit in the said Beaver Deposit Bank to the credit
of the said Louisa K. Stone, the said Dan H. Stone, being
then and there a member of, and the said Charles H. Stone,
being then and there a member of and employee of the said
Beaver Deposit Bank, did then and there fraudulently
take, convert and apply to their own use and to the use of
other members of the said Beaver Deposit Bank, whose
names are to this Grand Inquest unknown, the sum of
$10,108.33, so then and there on deposit in the said Beaver
Deposit Bank to the credit of and being then and there the
money and property of the said Louisa K. Stone and the
said sum of $10,108.33 did then and there unlawfully and
feloniously embezzle. The question will be determined we
think as it may decide whether or not the allegations in the
indictment bring Louisa K. Stone within the class of de-
positors known as general depositors or whether they show
that the deposit is a special deposit or whether they make
the bank the bailee for Louisa K. Stone. We shall have
to determine this question in accordance with the law gov-
erning deposits in banks. The primary division of de-
posits is into general and special deposits. The former
always consists of money which is mingled with other
money, the entire amount being a fund from which de-
positors are paid. A deposit is not special unless made so
by the depositor, or unless made in a particular capacity:
5 Cyc. 513. That is, a fund if deposited in a bank with
directions to apply it to a particular source, would be a
trust fund and would be special. From the allegations
contained in the indictment we are satisfied that Louisa
K. Stone was a general depositor in the Beaver Deposit
Bank and the fund was not stamped with any trust and
was not held by the Beaver Deposit Bank as bailee for her.

In determining whether or not the funds in a bank are
within the statutes against embezzlement we read from
15 Cyc. 501: "In the case of bankers a distinction must
be made between special and general deposits. Under a

special deposit the banker becomes a bailee, not merely a debtor, and is within the statutes against embezzlement. In the case of a general deposit, the depositor stands merely in the relation of a general creditor of the banker and no such relation of trust exists as will bring the matter within the statutes.

Having reached this conclusion we do not feel like going on and incurring the expense of a lengthy trial when we feel that in case of a conviction we would be compelled to arrest judgment.

Now, March 17, 1911, this indictment is quashed.

*Error assigned* was order quashing the indictment.

*Edwin S. Weyand,* with him *J. Blaine McGoun,* district attorney, *Joseph Knox Stone* and *J. Frank Reed,* for appellant.

*William A. McConnell,* with him *J. Rankin Martin, J. Sharp Wilson* and *Joseph L. Holmes,* for appellees, cited: Bank of Northern Liberties v. Jones, 42 Pa. 536; Bank of the Republic v. Millard, 77 U. S. 152; State v. Clement Nat. Bank, 78 Atl. Repr. 944; Bucher v. Com., 103 Pa. 528; Com. v. Ketner, 92 Pa. 372.

PER CURIAM, November 20, 1911:
The six judges who heard this case being equally divided in opinion, the judgment is affirmed.